ANDREW ZAKUTANSKY, PLAINTIFF-APPELLANT, v. CITY OF BAYONNE, KIWANIS CLUB OF BAYONNE AND ST. ANDREW'S ROMAN CATHOLIC CHURCH OF BAYONNE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1968—Decided September 23, 1968.

Before Judges GAULKIN, COLLESTER and LABRECQUE.

*Mr. Leon Miroff* argued the cause for plaintiff-appellant.

*Mr. James P. Dugan* argued the cause for the City of Bayonne.

PER CURIAM. The trial court granted Bayonne's motion for summary judgment and plaintiff appeals. We find it impossible upon this record to reach the merits of the controversy between the parties and we reverse.

Plaintiff's present counsel admits that the complaint filed by his predecessor was inadequate and defective. Present counsel tried to remedy the inadequacies and defects with affidavits, most of which were filed after judgment was entered, but that proved as vain as it was improper. Bayonne's pleadings did nothing to clarify the issues. The result was a hopeless hodgepodge.

Plaintiff tells us that by his complaint he meant to challenge Bayonne's conduct and management of one or more of its parks, its construction of athletic fields and other structures thereon, and its grant of permits for the use of the park and athletic fields to numerous private organizations which charge admission fees or otherwise use portions of the parks to the exclusion of the public, all allegedly in violation of the law, particularly *N. J. S. A.* 40:61–22.2; 40:61–4, 5; 40:184–29, 30, 31, 32.

Plaintiff's complaint was totally inadequate to project these issues. It did not ask for declaratory judgment declaring the actions of Bayonne illegal but merely challenged two permits granted by Bayonne in 1967, one to the Bridgemen of St. Andrew's Roman Catholic Church for a drum and bugle competition and the other to the Bayonne Kiwanis Club for a circus. Although the complaint alleged that the permits were in violation of the above-mentioned statutes, it stated no facts which brought the permits within the ambit of any one of them.

No purpose would be served by describing the papers thereafter filed. Suffice it to say, as too often we have been compelled to say, that this is another case in which imprecise pleadings have led to error. See *Hewitt v. Hollahan,* 56 *N. J. Super.* 372, 377 (*App. Div.* 1959).

██ Since the record did not properly present the essential facts to the trial court (and indeed did not present many of the essential facts at all) the court should not have granted summary judgment. Since we do not know upon what facts plaintiff really relies and which of these facts Bayonne really disputes, we cannot say at this point whether the taking of testimony is necessary. Had the court stricken plaintiff's complaint on the ground of its inadequacy we would have affirmed. Since the trial court, instead of doing so, entered judgment for the reasons stated in its opinion published in 98 *N. J. Super.,* at *p.* 14, we must reverse. Upon the remand which we shall order, the Chancery Division should consider the law as well as the facts anew, uninfluenced by the opinion in 98 *N. J. Super.* 14.

We are advised that there is pending another action instituted by plaintiff against Bayonne challenging two later permits issued to said Bridgemen of St. Andrew's Roman Catholic Church and the Bayonne Kiwanis Club to carry on the same activities as were challenged in the case at bar. (Chancery Division, Hudson County, *Docket No.* C–2471–67.) We believe that the resolution of these tangled and duplicitous proceedings will be best accomplished by remanding the case at bar to the trial court for consolidation with the case there pending. A new complaint, properly framed, should be filed in the Chancery Division which should state the facts (not conclusions) constituting all of plaintiff's grievances against Bayonne and ask for a declaratory judgment thereon. It is so ordered.